**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

RM & Sons, LLC d/b/a Anderson Liquor,
Petitioner/Respondent,

v.

South Carolina Department of Revenue and City of
Anderson, Respondents,

Of Which City of Anderson is the Appellant.

Appellate Case No. 2020-001691

———————————

Appeal From The Administrative Law Court
S. Phillip Lenski, Administrative Law Judge

———————————

Unpublished Opinion No. 2022-UP-404
Submitted October 1, 2022 – Filed November 9, 2022

———————————

**AFFIRMED**

———————————

Stacey Todd Coffee, of Logan & Jolly, LLP, and
J. Franklin McClain, of City of Anderson Attorney's
Office, both of Anderson, for Appellant.

Kenneth E. Allen, of Ken Allen & Associates, LLC, of
Columbia; and S. Jahue Moore and John Calvin Bradley,
Jr., both of Moore Bradley Myers, PA, of West

Columbia, all for Petitioner/Respondent.

---

**PER CURIAM:** The City of Anderson appeals an order of the administrative law court (ALC), arguing the ALC erred by (1) finding the City and the South Carolina Department of Revenue failed to show the proposed location for a retail liquor store was not a "suitable place" under section 61-6-910 of the South Carolina Code (2022) and (2) ordering the Department to grant the application for a retail liquor license submitted by RM & Sons, LLC d/b/a Anderson Liquor. We affirm.

We hold substantial evidence supports the ALC's finding that the City and the Department failed to show the proposed location was not a "suitable place" for a retail liquor store. *See* S.C. Code Ann. § 1-23-610(B)(e) (Supp. 2022) (implying an appellate court should affirm the ALC's decision if it is supported by substantial evidence); § 61-6-910(2) ("The [D]epartment must refuse to issue [a retail liquor] license . . . if the [D]epartment is of the opinion that . . . the store or place of business . . . is not a suitable place . . . ."). The police chief from Anderson City Police Department testified there had never been any alcohol-related incidents at the proposed location or the Shell Station located across the street, even though the Shell Station sold beer and wine. Further, a retired police officer testified he lived near the proposed location and the crime rate was no greater than any other area of Anderson. Accordingly, we hold the ALC did not err by ordering the Department to grant RM & Sons's application for a retail liquor license. *See Schwiers v. S.C. Dep't of Health & Env't Control*, 429 S.C. 43, 49, 837 S.E.2d 730, 733 (Ct. App. 2019) ("In determining whether the decision of the ALC was supported by substantial evidence, a reviewing court 'need only find, looking at the entire record on appeal, evidence from which reasonable minds could reach the same conclusion as the ALC.'" (quoting *Kiawah Dev. Partners II v. S.C. Dep't of Health & Env't Control*, 411 S.C. 16, 28, 766 S.E.2d 707, 715 (2014))).

**AFFIRMED.**[1]

**GEATHERS, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.